Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 29, 2012, which granted defendant Payard’s motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.
Plaintiffs claims against Payard, whether asserted individually or on behalf of In-Tent Restaurant Ltd., were correctly dismissed because there is no evidence that Payard ever acted outside the scope of his role as representative of FR Venture Inc., the managing member of In-Tent (see Retropolis, Inc. v 14th St. Dev. LLC, 17 AD3d 209 [1st Dept 2005]; Mendez v City of New York, 259 AD2d 441 [1st Dept 1999]; see also Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915 [1978]). Moreover, as to the claims brought in plaintiffs individual capacity, there is no evidence — indeed, plaintiff does not even adequately allege — that an oral contract existed between Payard and himself (see Carlsen v Rockefeller Ctr. N., Inc., 74 AD3d 608 [1st Dept 2010]) or that Payard owed him any duty independent of the duty arising from defendant I-T Restaurant LLC’s operating agreement (see MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 840 [1st Dept 2011], lv denied 21 NY3d 853 [2013]). Plaintiffs fraud claim is both insufficiently specific and duplicative of the breach of contract claim (see CPLR 3016 [b]; Financial Structures Ltd. v UBS AG, 77 AD3d 417, 419 [1st Dept 2010]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ.